# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATHAN J. LORBIETZKI, | Case No.: 2:10-cv-01585-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Compel Arbitration–#9; Motion to Dismiss or Stay the Proceedings–#11) |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; DOES 1-10; and ROE CORPORATIONS and ENTITIES 1-10, | |
| Defendants. | |

Before the Court is Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated's ("Merrill Lynch") **Motion to Compel Arbitration** (#9) and **Motion to Dismiss or Stay the Proceeding** (#11), filed concurrently on October 27, 2010. The Court has also considered Plaintiff Nathan Lorbietzki's Opposition (#12), filed November 12, 2010, and Merrill Lynch's Reply (#13), filed November 22, 2010.

## BACKGROUND

This dispute arises from Nathan Lorbietzki's allegations that his former employer, Merrill Lynch, terminated his employment without cause and, therefore, breached the parties' employment agreement. Lorbietzki alleges the following facts. (Dkt. #1, Pet. for Removal Ex. A,

Compl.) Lorbietzki began working for Merrill Lynch as a registered financial advisor in August 2009. On August 4, 2009, the parties executed an employment agreement and Lorbietzki completed a Uniform Application for Securities Industry Registration or Transfer ("Form U-4"), which contains an arbitration clause. (Dkt. #9-1, Mot. Ex. A at 13 ¶ 5.) In March 2010, Merrill Lynch terminated Lorbietzki's employment amidst contentious circumstances.

On June 4, 2010, Lorbietzki filed suit against Merrill Lynch in the Eighth Judicial District Court of the State of Nevada alleging: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) declaratory relief, (4) promissory estoppel/reliance, (5) fraud & misrepresentation, (6) defamation/slander, (7) intentional infliction of emotional distress, and (8) unjust enrichment. Merrill Lynch removed the case to this Court on the basis of diversity jurisdiction and now asks the Court to compel Lorbietzki to arbitration pursuant to the arbitration clause contained in Form U-4. Merrill Lynch also asks the Court to dismiss or stay this proceeding. For the reasons discussed below, the Court grants Merrill Lynch's motion to compel, denies the motion to dismiss, and grants the motion to stay.

## DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et. seq.*, generally applies to individual employment contracts, agreements to arbitrate, and arbitration clauses such as the one at issue in this dispute. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001); *see also Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 476 (9th Cir. 1991). However, the arbitrability of a particular issue turns on principles of contract interpretation because a party cannot be required to arbitrate any dispute which he has not agreed to arbitrate. *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1142 (9th Cir. 1991) (citing *AT&T Tech., Inc. v. Commc'ns Workers*, 475 U.S. 643, 648 (1986)). "Indeed, as a matter of federal arbitration law, a court may not compel arbitration until it is 'satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue'." *Jackson v. Rent-A-Center West, Inc.*, 581 F.3d 912, 916 (9th Cir. 2009) (quoting 9 U.S.C. § 4). Nevertheless, the FAA "establishes a

2

national policy favoring arbitration when the parties contract for that mode of dispute resolution," *Preston v. Ferrer*, 552 U.S. 346, 349 (2008), "notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp v. Mercury Const. Co.*, 460 U.S. 1, 24 (1983). The preference for arbitration is so strong that the U.S. Supreme Court has directed district courts to liberally construe any contractual language pertaining to arbitration and resolve "any doubts concerning the scope of arbitrable issues ... in favor of arbitration." *Id.* at 24–25. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

## I.     Motion to Compel Arbitration

In addressing a motion to compel arbitration, a district court is required to answer two questions: "(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Id.* The Court will address these questions in turn.

### A.     Valid Agreement to Arbitrate

Merrill Lynch seeks to compel arbitration pursuant to the FAA and the arbitration clause in Form U-4, which registered Lorbietzki with the Financial Industry Regulatory Authority ("FINRA") as a financial advisor for Merrill Lynch.   Form U-4 provides in relevant part:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my *firm* ... that is required to be arbitrated under the rules, constitutions, or by-laws of [FINRA] ... as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

(Dkt. #9, Mot. Ex. A, Form U-4, Section 15A ¶ 5.) (emphasis in original). FINRA Rule 13200(a) supports the Form U-4 arbitration clause by stating, "[e]xcept as otherwise provided in the Code [of Arbitration Procedure for Industry Disputes], a dispute must be arbitrated ... if the dispute

3

1  arises out of the business activities of a member or an associated person and is between or among:
2  Members; Members and Associated Persons; or Associated Persons." FINRA Rule 13200(a); *see*
3  *also id.* 13100(f) (defining "Code").
4        Merrill Lynch argues that the arbitration clause in Lorbietzki's Form U-4 requires
5  him to arbitrate his claims. Lorbietzki does not dispute the existence of the arbitration clause in
6  his Form U-4. Instead, he argues that his employment agreement, which was executed on the
7  same day as the Form U-4, does not require arbitration and contains a merger clause. (Dkt. #12-1,
8  Opp'n Ex. 1.) Although both assertions are true, these facts do not negate the existence of a valid
9  agreement to arbitrate in Form U-4. Nothing in the employment agreement prevents the parties
10 from arbitrating their disputes. The employment agreement covers Lorbietzki's compensation in
11 great detail but is silent as to the method of resolving disputes. Because of the unique regulatory
12 requirements in the investment industry, the Court can easily infer that Form U-4 ordinarily
13 provides for dispute resolution rather than an employment agreement doing so. *See Crockett &*
14 *Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F. Supp. 2d 1184, 1191 (D. Nev. 2006)
15 (permitting evidence of a separate agreement when the existing written agreement is silent on a
16 particular term).
17       The Court is satisfied that the parties entered into a valid agreement to arbitrate.
18 Attached to Lorbietzki's Form U-4 was an additional disclosure statement informing him of the
19 parties' arbitration agreement:
20     Before signing the Form U-4, you should understand the following: You are
    agreeing to arbitrate any dispute, claim or controversy that may arise between you
21     and your firm, or a customer, or any other person that is required to be arbitrated
    under the rules of the self-regulatory organizations with which you are registering.
22     *This means you are giving up the right to sue a member, customer or another*
    *associated person in court*, including the right to a trial by jury, except as provided
23     by the rules of the arbitration forum in which a claim is filed.
24 (Dkt. #9, Mot. Ex. A, Form U-4, Attachment A (emphasis added).) This additional statement
25 further warned him about the arbitration agreement. The language is clear, easy to read, and very
26 conspicuous since it was presented in a separate attachment to Form U-4. Lorbietzki signed this

statement along with Form U-4.  Therefore, the Court answers the first question affirmatively and moves on to the second part of the test: whether the agreement encompasses the dispute at issue.

### B.     Dispute Subject to Arbitration

Merrill Lynch argues that Lorbietzki's claims are subject to arbitration because the parties are covered by FINRA Rules and the dispute arises out of business activity.  The Court will address each assertion.

#### 1.     Associated Person

Under FINRA rules, "members" and "associated persons" must arbitrate disputes. FINRA Rule 13200(a).  "Member" is defined as "any broker or dealer admitted to membership in FINRA ."  *Id.* 13100(o).  An "associated person" is defined as "[a] natural person who is registered or has applied for registration under the Rules of FINRA."  *Id.* 13100(a) & (r).  In addition, "a person formerly associated with a member is a person associated with a member." *Id.* 13100(r).

The Court finds that these parties are covered by FINRA rules: Lorbietzki is an associated person and Merrill Lynch is a member.  Although Lorbietzki asserts that he was no longer an associated person connected to the securities business when he suffered damages, FINRA rules clearly contradict such arguments and still consider former employees to be associated persons.  Thus, the parties are subject to FINRA's arbitration rules.

#### 2.     Arises Out of Business Activity

Arbitration of a dispute between associated persons is required under Rule 13200 only "if the dispute arises out of [their] business activities."  FINRA Rule 13200(a).  FINRA's Rules do not define this phrase, however, the plain meaning of the language is quite clear. Disputes which involve claims that are "utterly unrelated to the securities industry" should not fall under this rule; instead, a court "must require arbitration of disputes only if they arise out of the business activities of an individual *as* an associated person of a FINRA member.  *Valentine Capital Asset Mgmt, Inc. v. Agahi*, 94 Cal. Rptr. 3d 526, 534 (Cal. Ct. App. 2009) (emphasis in original).  "With this interpretation, FINRA and the registered representatives under its jurisdiction

are assured that arbitration will pertain to matters with some nexus to the activity actually regulated by FINRA." *Id.* Thus, the Court must examine the nature of this dispute to see if it falls within the class of disputes wherein the issues are reasonably related to FINRA regulated activities.

Lorbietzki asserts that his claims do not arise out of business activities and are, therefore, outside of the scope of FINRA rules. Merrill Lynch maintains that this dispute does, in fact, arise out of business activities because his claims involve his hiring, employment, and termination. In the Court's view, these allegations clearly fall within the scope of the parties' "business activities" because they directly implicate some of the most fundamental aspects of Lorbietzki's business relationship with Merrill Lynch. As a result, the Court finds that each of his causes of action fall within the scope of the arbitration agreement in Form U-4. Because the Court answers the second question affirmatively, Lorbietzki's claims must be arbitrated. Accordingly, the Court grants Merrill Lynch's motion to compel arbitration.

## II.   Motion to Dismiss or Stay the Proceedings

Under the FAA, a district court should stay any matter in which the parties have agreed to arbitrate pursuant to a written agreement. *See* 9 U.S.C. § 3. The Court therefore denies Merrill Lynch's motion to dismiss the case and grants the motion to stay the proceedings.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Compel Arbitration (#9) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss or Stay the Proceeding (#11) is DENIED as to dismissal and GRANTED as to a stay of the proceeding.

Dated: March 8, 2011.

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)